**FRAZER, Plaintiff, v. SPORTSMAN et, Defendants.**

Common Pleas Court, Lawrence County.

No. 33645.   Decided June 10, 1954.

Leon O. Wolfe, Columbus.
James B. Collier, Ironton.

## OPINION

By EARHART, J.

This cause is before the Court on an appeal on questions of law from the decision of John S. Taylor, Referee from the Bureau of Unemployment Compensation rendered by said Referee on November 30, 1953 denying the appellant Harry Lawrence Frazer unemployment compensation.

The appellant claims that said Referee errored in his decision because appellant was not discharged for just cause, that appellant was discharged due to slack working conditions, and that said Referee unlawfully refused the Appellant compensation.

In the transcript of the testimony taken before the said Referee John S. Taylor, the appellant claimed that he had been required to work a double shift, had become tired and walked off the job which was tending bar at The Sportsman, and that he had then been discharged by Leo Dunworth, the owner of said establishment.  Subsequent to the hearing, Leo Dunworth, owner of The Sportsman sent a letter to the Bureau claiming that the appellant had been laid off due to lack of business. This certainly is inconsistent with the testimony of the appellant before the Referee.

I note in the case of **Craig v. Bureau of Unemployment Compensation, 148 Oh St 614,** the following:

"The jurisdiction of the Courts on appeal from the Board of

Review is limited by §1346-4 GC to a determination of whether the decision was 'unlawful, unreasonable, or against the manifest weight of the evidence.' If the decision is found to offend in any one of the respects named, the Court must reverse, vacate or modify."

"The most that can be said contrary to the Referee's conclusion is that reasonable minds might have reached different conclusions. We are of the opinion that the conclusion of the Referee was the right one."

This Court finds from a review of the above cited case and other authorities cited that the conclusion reached by the Referee cannot be said to be unlawful, unreasonable or against the manifest weight of the evidence, that there are no grounds upon which to reverse, modify or vacate the order of the Referee and the appeal is hereby dismissed.